**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEGUNDO R. ROJAS, <br><br> Plaintiff, <br><br> v. <br><br> ACUITY BRANDS LIGHTING, INC., <br><br> Defendant. | Civil Action No. 2:12-cv-2220 (DMC) (JAD) <br><br> **OPINION** |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon motion by plaintiff Segundo R. Rojas ("Plaintiff") for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15 to (i) supplement and revise certain factual allegations of the Complaint; and (ii) assert two additional causes of action against defendant Acuity Brands Lighting, Inc. ("Defendant"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiff's motion to amend is **DENIED**.

I.      **BACKGROUND.**

This is an employment discrimination action in which Plaintiff alleged that he was illegally terminated based on his disability, age and national origin. Plaintiff seeks to amend the Complaint to both supplement existing counts of the Complaint and to add two new causes of action against Defendant. Plaintiff failed to move to amend the Complaint prior to the expiration of the deadline set in the Pretrial Scheduling Order set by the Court on June 19, 2012, which

required that all motions to amend pleadings be filed by August 30, 2012. As such, the instant motion requires the Court to determine whether Plaintiff demonstrated good cause to be permitted to amend the Complaint pursuant to Fed. R. Civ. P. 16 and Fed. R. Civ. P. 15.

### A. Plaintiff's Employment and Termination.

Plaintiff alleged that he worked as a machine operator for Defendant for nearly twenty-eight years. (Compl., First Count ¶ 1, ECF No. 1). In 2011, Plaintiff scheduled a vacation to Ecuador that was scheduled to last from June 25, 2011 to July 12, 2011. (Id. at First Count ¶ 4). While in Ecuador, on or about July 8, 2011, Plaintiff suffered from a diverticulitis condition and was required to obtain medical treatment. (Id. at First Count ¶ 5). As a result of his medical condition, Plaintiff was unable to travel. (Id.). Plaintiff alleged that he notified his son, Washington Rojas ("W. Rojas"), who was also employed by Defendant, that he would not be able to return to work as scheduled on July 12, 2011. (Id. at First Count ¶ 6). Plaintiff instructed W. Rojas to notify Defendant of his medical condition (Id. at First Count ¶ 8), which W. Rojas did. (Id. at First Count ¶ 7). However, Defendant terminated Plaintiff's employment by letter dated July 15, 2011. (Id. at First Count ¶ 9).

Plaintiff remained unable to return to work until September 2011. (Id. at First Count ¶ 11). In the Proposed Amended Complaint, Plaintiff alleged that he appeared for work on September 12, 2011, but was informed he had been terminated. (Proposed Am. Compl. Fifth Count ¶ 1, ECF No. 22-1). Thereafter, Plaintiff filed a grievance based on his termination, and a meeting was scheduled in October 2011. (Id. at Fifth Count ¶ 2). During the meeting, Plaintiff presented evidence of his illness by producing several doctor's notes that identified his medical condition and verified his time out of work. (Id. at Fifth Count ¶ 3). Plaintiff also presented evidence demonstrating that W. Rojas had notified Defendant of Plaintiff's condition. (Id.).

Plaintiff alleged that during the grievance meeting, Defendant offered to agree that it would not challenge Plaintiff's application for unemployment benefits if Plaintiff accepted his termination and gave up his right to continue with the grievance he filed with his Union. (Id. at Fifth Count ¶ 7). Plaintiff speaks and writes in Spanish, and alleged that he did not fully understand the implications of entering into the agreement at the time. (Id. at Fifth Count ¶ 8). Moreover, Defendant did not provide a written agreement memorializing the terms of the agreement such that Plaintiff could consider the implications of the waiver of his right to pursue the grievance. (Id.).

      B.    <u>The Complaint.</u>

Plaintiff filed the Complaint in Hudson County Superior Court on March 1, 2012.[1] (Compl., ECF No. 1). The Complaint asserted three causes of action. The First Count alleged disability discrimination in violation of the NJ LAD, N.J.S.A. 10:5-4.1, et seq. Plaintiff alleged that his medical condition constituted a disability under the NJ LAD and entitled Plaintiff to the benefit of leave under the Federal Family Medical Leave Act, 29 U.S.C. § 2601 et seq. (the "FMLA"). (Id. at First Count ¶ 8). According to Plaintiff, his termination constituted disability discrimination because Defendant disregarded that he suffered from a disability for which he would have been entitled to disability leave. (Id. at First Count ¶ 12). The Second Count alleged that Defendant violated the FMLA by failing to inform Plaintiff of his right to leave under the FMLA and terminating his employment. (Id. at Second Count ¶ 2). The Third Count alleged age discrimination and discrimination based on ethnicity and/or national origin in violation of the NJ LAD. (Id. at Third Count ¶ 3). Plaintiff alleged that he was sixty-six years old at the time of his termination, and that at such time Defendant was in the process of replacing workers with

---

[1] The matter was removed to this Court by Defendant on April 13, 2012. (Notice of Removal, ECF No. 1).

younger employees. (Id. at Third Count ¶¶ 1, 2). Plaintiff further alleged that he was a target based on both his age and ethnicity. (Id. at Third Count ¶ 2).

### C. The Proposed Amended Complaint.

Plaintiff sought to amend the Complaint to both supplement existing counts of the Complaint and to add two new causes of action against Defendant.

### 1. Proposed Revised and/or Supplemental Factual Allegations.

In the Proposed Amended Complaint, Plaintiff sought to amend the Second Count of the Complaint, which alleged a violation of the FMLA, to "provide further clarification of the allegations in this claim and set forth the eligibility requirements that [P]laintiff has met in order to be entitled to the benefit of a leave under the [FMLA]." (Br. Supp. Mot. Amend 6, ECF No. 22-2). Specifically, Plaintiff sought to add the following allegations:

- Plaintiff was an eligible employee under the FMLA because he was employed by Defendant for at least twelve months, he worked at least 1,250 hours of service during the twelve months leading up to the leave, and Defendant employed 50 or more employees within 75 miles of Plaintiff's work site (Proposed Am. Compl., Second Count ¶ 2, ECF No. 22-1);

- Defendant qualified as an employer under the FMLA (Id. at Second Count ¶ 3);

- Plaintiff was entitled to leave under the FMLA based on his serious medical conditions of diverticulitis, irritable colon and colitis (Id. at Second Count ¶ 4);

- Plaintiff notified Defendant when he became seriously ill while in Ecuador through W. Rojas, who was also an employee of Defendant at the time (Id. at Second Count ¶ 5);

- Plaintiff presented himself ready, willing and able to work based on his release from care by his doctor after approximately two months of being disabled in Ecuador, but was denied a return to employment and advised of his termination (Id. at Second Count ¶ 1); and

- Defendant interfered with and violated the FMLA by retaliating against Plaintiff and denying him benefits under the FMLA (Id. at Second Count ¶ 6).

### 2. Proposed New Causes of Action.

Plaintiff also sought to add two new causes of action against Defendant.

First, Plaintiff sought to add a claim that Defendant violated the NJ LAD by failing to provide Plaintiff with a reasonable accommodation in connection with his disability when Defendant refused to permit Plaintiff additional time out of work, notwithstanding that Plaintiff's medical condition prevented him from returning to the United States. (Proposed Am. Compl., Fourth Count ¶¶ 1-19, ECF No. 22-1). This proposed count contains numerous previously unpled facts relating to (i) a vacation request form Plaintiff filled out prior to his trip, (ii) details regarding the medical episode Plaintiff experienced while in Ecuador, including new allegations that he suffered from not only diverticulitis, but also colitis and irritable colon, (iii) medical notes from Plaintiff's physicians in Ecuador requiring him to be out of work for various periods of time, (iv) allegations that W. Rojas submitted medical papers to Defendant when he informed Defendant that Plaintiff was ill and unable to return to work as scheduled, and (v) allegations that W. Rojas was not provided with any papers regarding the FMLA. (Id.).

Second, Plaintiff seeks to add a post-discharge retaliation claim under the NJ LAD with respect to the grievance process Plaintiff participated in with Defendant upon his return from Ecuador (discussed supra). (Proposed Am. Compl., Fifth Count ¶¶ 1-9, ECF No. 22-1). Plaintiff alleged that Defendant's conduct during the grievance meeting – namely, requiring Plaintiff to choose between continuing to pursue his grievance claim with his Union or accepting his termination and giving up his right to continue with the grievance claim in exchange for Defendant's agreement not to further challenge Plaintiff's application for unemployment benefits – constituted retaliatory conduct in violation of the anti-retaliation provision of the NJ LAD, N.J.S.A. 10:5-12(d). (Id.).

D.   Plaintiff's Alleged "Good Cause" for Failing to Timely Move to Amend the Complaint.

Plaintiff failed to move to amend the Complaint by the August 30, 2012 deadline set in the Pretrial Scheduling Order. (Order, ECF No. 11). Plaintiff acknowledged that in light of the expiration of this deadline, he must demonstrate good cause in order for the Court to grant leave to amend the Complaint pursuant to Fed. R. Civ. P. 16. Plaintiff provided several justifications that he argued supported a finding of good cause. First, Plaintiff claimed he was unable to make an earlier application for leave to amend because Defendant failed to timely produce all responsive discovery. (Br. Supp. Motion Amend 3, ECF No. 22). Without the production of all relevant documents and depositions, Plaintiff claimed he did not have the evidence necessary to support the proposed amendments. (Id.). Second, Plaintiff asserted that Defendant withheld three witness statements until a Friday night when Plaintiff was to be deposed the following Monday. (Id.). Plaintiff maintained that these statements provided evidence necessary to support amending the Complaint. (Id.). Third, Plaintiff stated that the date for amending the Complaint was the same day as Plaintiff's deposition and, as such, he did not have the benefit of Plaintiff's testimony to make an earlier determination. (Id.).[2] Fourth, Plaintiff claimed that the parties had difficulty scheduling the depositions of witnesses, due in part to his and defense counsel's trial schedules. (Id.). Finally, Plaintiff's counsel lost power for approximately one week following Superstorm Sandy, which Plaintiff argued hindered his ability to move to amend earlier. (Id.).

Defendant opposed the motion on the grounds that: (1) Plaintiff possessed, or should have possessed, knowledge of the proposed allegations and claims before the deadline to amend

---

[2] The Court notes, however, that Plaintiff's deposition was scheduled for August 27, 2012, and not August 30, 2012, which is the date set by this Court to amend pleadings. (Pl.'s Ltr. 2, ECF No. 19); (Order ¶ 13, ECF No. 11).

pleadings expired; (2) Plaintiff unduly delayed bringing the proposed allegations and claims; (3) granting Plaintiff's motion would unduly prejudice Defendant; and (4) the proposed post-discharge retaliation claim (Proposed Fifth Count) is futile.

## II.   STANDARD OF REVIEW.

Generally, Rule 15 governs motions to amend or supplement proceedings. However, where deadlines for amending pleadings are the subject of a scheduling order and the deadlines have passed, the moving party must meet Rule 16's good cause standard in order to amend. Stallings ex rel. Estate of Stallings v. IBM Corp., CIV. 08-3121(RBK/JS), 2009 WL 2905471 (D.N.J. Sept. 8, 2009) (citations omitted). This is because motions to amend that are filed after a scheduling order deadline has passed are treated as motions to amend the pretrial scheduling order, see Id. (citing Assadourian v. Harb, 71 Fed. R. Serv. 3d 693 (D.N.J. 2008) aff'd, 430 F. App'x 79 (3d Cir. 2011)); see also Dimensional Commc'n, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir.2005) (finding that plaintiff must satisfy Rule 16's "good cause" requirement if seeking to amend the complaint after the deadline for amending pleadings has passed)), and, under Rule 16(b)(4), a scheduling order may only be modified for good cause. Rule 16 governs in these situations rather than Rule 15 because scheduling orders would otherwise "be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990). As such, only upon a showing of "good cause," will the Court evaluate the proposed amendment under Rule 15(a).

## III.   DISCUSSION.

Plaintiff filed the instant motion for leave to amend the Complaint on December 31, 2012 – four months after the scheduled deadline expired. Accordingly, Plaintiff is required to show

"good cause" in satisfaction of Rule 16 before this Court may consider Plaintiff's motion for leave to amend under Rule 15(a). See Stallings, 2009 WL 2905471, at *15.

The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed. Stallings, 2009 WL 2905471, at *6 (citing Dimensional Commc'ns, Inc. v. Oz. Optics, Ltd., 148 Fed. Appx. 82, 85 (3d Cir. 2005) (defendant "could not satisfy Rule 16(b)'s good cause good cause requirement because [it] was in possession of the facts underlying the proposed counterclaim well before the amendment deadline.")); Prime Ins. Syndicate v. United Risk Mgmt. Srvcs., 2006 WL 2085388, at *5 (D.N.J. July 25, 2006) ("Plaintiff provided no reason for why it could not have asserted these new claims against [the defendant] within the requisite deadlines. In fact, in Plaintiff's brief for this appeal, it acknowledges that it 'had knowledge of [the allegations] since October 2004.' "); Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990) ("This is most definitely not a motion in which any of defendant's six proposed new affirmative defenses arose from recent discovery in the case."); Velto v. Reliance Strd. Life Ins. Co., No. 10-cv-01829, 2011 WL 810550, *1, *7 (D.N.J. March 1, 2011). Here, the Court finds that Plaintiff had knowledge of the potential new claims and supplemental allegations well before the amendment deadline.

With respect to the proposed supplemental and/or revised allegations concerning the Second Count of the Complaint, Plaintiff failed to establish good cause for failing to seek to amend the Complaint earlier, particularly in light of the fact that the proposed facts were known to Plaintiff since the outset of the litigation. In his moving brief, Plaintiff claimed that upon "reviewing the FMLA Count, we determined that a more specific pleading was necessary." (Br. Supp. Mot. Amend 9, ECF No. 22). Plaintiff, however, failed to provide this Court with a

persuasive reason as to why a review of the FMLA Count and a submission of a more specific pleading were not accomplished prior to the deadline. Moreover, the allegations relating to the medical conditions Plaintiff allegedly experienced while in Ecuador – namely, irritable colon and colitis – were clearly known to Plaintiff prior to the expiration of the deadline to amend. (Am. Compl. Second Count ¶ 4, ECF No. 22). The remaining proposed allegations purportedly "set forth the eligibility requirements that [P]laintiff has met in order to be entitled to the benefit of a leave under the [FMLA]." (Br. Supp. Mot. Amend 6, ECF No. 22-2). There can be no serious argument that these facts were not previously known to Plaintiff — specifically, that Plaintiff was employed by Defendant for at least twelve months, worked at least 1,250 hours of service during the twelve months leading up to the leave, and that Defendant employed 50 or more employees within 75 miles of Plaintiff's work site. (Proposed Am. Compl., Second Count ¶ 2, ECF No. 22-1).

Plaintiff also failed to demonstrate good cause to amend with respect to the proposed new causes of action for the same reason. With respect to the proposed Fourth Count, Plaintiff alleged that Defendant failed to reasonably accommodate his medical disability when it refused to permit him additional time out of work. (Pl.'s Br. 7-8, ECF No. 22). This Court finds that Plaintiff had knowledge of his alleged disability and of Defendant's refusal to accommodate such disability before the deadline to amend expired.

With respect to the proposed Fifth Count, Plaintiff failed to identify a single factual allegation that Plaintiff either did not know at the outset of the litigation, or the discovery of which was delayed by any of the justifications identified in Plaintiff's moving brief. Plaintiff essentially contended that Defendants conduct during the grievance meeting – namely, requiring Plaintiff to choose between continuing to pursue his grievance claim with his Union or accepting

his termination and giving up his right to continue with the grievance claim in exchange for Defendant's agreement not to further challenge Plaintiff's application for unemployment benefits – constituted retaliatory conduct in violation of the anti-retaliation provision of the NJ LAD, N.J.S.A. 10:5-12(d). (Id.). It is apparent to this Court that Plaintiff had knowledge of these facts prior to filing the original Complaint, let alone prior to the August 30, 2012 deadline. Thus, Plaintiff cannot establish good cause for failing to amend the Complaint in a timely matter.

Finally, the Court finds that none of the justifications argued by Plaintiff to support a showing of good cause compel a different result. Plaintiff argued that he learned of facts giving rise to the proposed new causes of action from documents that were produced by Defendant after the deadline for amendments of pleadings had passed, specifically three witness statements that purportedly "disclosed relevant facts which were not available before." (Br. Supp. Mot. Amend 9, ECF No. 22-2). Yet, Plaintiff failed to identify any specific facts and what impact they may have on Plaintiff's failure to accommodate and post-discharge retaliatory action. Although these written statements may constitute new information, their late production does not support a good cause finding in this instance. "For a moving party to demonstrate good cause, they must demonstrate diligence. Prince v. Aiellos, 2012 U.S. Dist. LEXIS 95996, *18 (D.N.J. July 10, 2012) (internal citations omitted). "The standard for establishing the requisite diligence is not satisfied when a plaintiff was aware of the facts that would lead him or her to amend a complaint and then failed to act on that knowledge by moving to so amend." (Id.).

Plaintiff does not provide any information regarding how the alleged "scheduling" issues experienced by the parties, or that Plaintiff's deposition was scheduled on the same day as the deadline to amend the pleadings, prevented or hindered the timely amendment of his pleading. Finally, although the Court takes judicial notice of the late-October, early-November Superstorm

Sandy, see Banda v. Corzine, 2008 U.S. Dist. LEXIS 236 (D.N.J. Jan. 3, 2008), and will not attribute any resultant delay to Plaintiff, the Court also notes that the deadline to move to amend pleadings expired in August, prior to Superstorm Sandy.

The Court finds that Plaintiff possessed knowledge of the relevant facts forming the basis for the proposed amendments well before the August 30, 2012 deadline. Accordingly, Plaintiff has not shown good cause to amend the Court's June 19, 2012 Pretrial Scheduling Order to extend the deadline for motions to amend pleadings. Plaintiff's motion to amend the Complaint is **denied**.[3]

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint is **denied**.

SO ORDERED

_____  4/3/13
Joseph A. Dickson, U.S.M.J.

cc:   Honorable Dennis M. Cavanaugh, U.S.D.J.

---

[3] Because Plaintiff failed to show good cause pursuant to Rule 16, the Court need not conduct an analysis of the proposed amended pleading under Rule 15(a). For the same reason, the Court need not conduct an analysis of futility of Plaintiff's proposed causes of action.