NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **SEGUNDO ROJAS,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 12-2220 (DMC)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ACUITY BRANDS LIGHTING, INC.** | : | **MEMORANDUM OPINION** |
| | : | |
| **Defendant.** | : | |
| | : | |

**CLARK, Magistrate Judge**

Currently pending before the Court is Defendant Acuity Brands Lighting, Inc.'s
("Defendant") motion to strike the expert report of one Dr. John A. Russo, M.D. [Docket Entry
No. 44].   Plaintiff Segundo Rojas ("Plaintiff") has opposed Defendant's motion [Docket Entry
No. 54].   The Court has fully reviewed the papers submitted in support of and in opposition to
Defendant's motion and considers same without oral argument pursuant to L.CIV.R. 78.1(b).   For
the reasons set forth below, Defendant's motion to strike is DENIED.

## I.     BACKGROUND

Plaintiff was employed by Defendant as a machine operator for approximately
twenty-eight years. *Complaint* at ¶1; Docket Entry No. 1.   In 2011, Plaintiff had scheduled a
vacation to Ecuador from June 25, 2011 through July 12, 2011. *Id.* at ¶4.   During his vacation in
Ecuador, Plaintiff alleges that he was diagnosed with diverticulitis and that he required medical
treatment. *Id.* at ¶5.   Plaintiff then notified his son, also an employee of Defendant, that he would

be unable to return to work by July 12, 2011. *Id.* at ¶6.   Plaintiff's son notified Defendant that

Plaintiff would not be returning to work on the expected date due to his medical issues. *Id.* at ¶7.

On July 15, 2011 Plaintiff's employment was terminated by Defendant. *Id.* at ¶9.   Plaintiff

returned from Ecuador in September 2011 and alleges that he would have been able to return to

work at that time. *Id.* at ¶11.   Plaintiff filed the instant action in state court claiming he was

wrongfully terminated from his employment with Defendant and was discriminated against on the

basis of disability, national origin and age.

Discovery in this matter is complete and Defendant has moved for summary judgment. *See*

Docket Entry No. 42.   Plaintiff submitted an expert report from one Dr. John A. Russo, M.D.

("Dr. Russo") which Defendant now seeks to strike from the record by way of the instant motion.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony in a

case.   Specifically, subsection (B) outlines the requirements for the witness's expert report.   An

expert report must contain:

(i)     a complete statement of all opinions the witness will express and the basis and
        reasons for them;
(ii)    the facts or data considered by the witness in forming them;
(iii)   any exhibits that will be used to summarize or support them;
(iv)    the witness's qualifications, including a list of all publications authored in the
        previous 10 years;
(v)     a list of all other cases in which, during the previous 4 years, the witness testified as
        an expert at trial or by deposition; and
(vi)    a statement of the compensation to be paid for the study and testimony in the case.

Fed.R.Civ.P. 26(a)(2)(B).

Federal Rule of Civil Procedure 37(c)(1) governs a party's failure to disclose information

required by Rule 26(a) and provides in pertinent part that "[i]f a party fails to provide information

or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that

information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure

was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).   The party who has failed to

disclose information bears the burden to show that the nondisclosure was substantially justified or

is harmless. *D&D Assoc., Inc. v. N. Plainfield Bd. of Ed.,* No. 03-1026, 2006 WL 1644742, at *4

(D.N.J. June 8, 2006).   Substantial justification requires justification to a degree that could satisfy

a reasonable person that parties could differ as to whether the party was required to comply with

the disclosure request. *Fitz v. Ralph Wilson Plastics Co.,* 174 F.R.D. 587, 591 (D.N.J. 1997)

(internal citation and quotations omitted).   On the other hand, "[a] failure to disclose is considered

harmless 'when there is no prejudice to the party entitled to disclosure.'" *D&D Assoc.,* at *4

(quoting *Fitz,* 174 F.R.D. at 591).

The Third Circuit has identified four factors to consider when determining whether a

failure to disclose mandates exclusion: "(1) the prejudice or surprise of the party against whom the

excluded evidence would have been admitted; (2) the ability of the party to cure the prejudice; (3)

the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or

other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or

discovery obligation." *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000).

## III.   ARGUMENTS

Defendant moves to strike Dr. Russo's reports on the basis that it fails to comply with Rule

26(a)(2)(B).   Specifically, Defendant makes the following claim:

> Plaintiff's Report fails to meet four of the six statutory prerequisites.   It does not include
> copies of any exhibit Russo relied on in summarizing or supporting his opinions.   The
> Report does not list Russo's publications over the last ten years.   It also fails to address
> whether Russo has given expert testimony in any other cases during the previous four

years.   Finally, Plaintiff's Report does not state the compensation Russo has or will
receive for providing his Report and testimony in this case.
*Defendant's Brief in Support* at 2-3; Docket Entry No. 44-1.

Defendant argues that, because of these deficiencies, Plaintiff's report should be stricken

pursuant to Rule 37(c)(1). *Id.* at 3.   Defendant argues that Plaintiff cannot show substantial

justification for its failure to disclose because "there is no circumstance under which a reasonable

person could believe Plaintiff was exempt from compliance with [Rule 26]." *Id.* at 4.   Further,

Defendant contends that Plaintiff cannot show that nondisclosure was harmless because

"Defendant is unaware of Russo's compensation, prior testimony, publications and what exhibits

he intends to produce at trial to support his opinions" and therefore "Defendant will be forced to

depose Dr. Russo in order to discover information that should have been provided pursuant to Rule

26." *Id.* at 5.

Plaintiff opposes Defendant's motion, arguing that "any alleged prejudice or harm that

may have been caused" has been cured by the submission of an Amendment to Dr. Russo's report.

*Plaintiff's Brief in Opposition* at 2; Docket Entry No. 54.   Plaintiff claims that "[a]s amended,

Plaintiff's expert report meets all six requirements under Rule 29(a)(2)(B)." *Id.*   Specifically, the

Amendment provides the following: "copies of the exhibits relied on by Dr. Russo to summarize

or support the report; the list of publications authored in the previous ten years; the list of cases Dr.

Russo has provided testimony in at trial or by deposition in the last four years; and a statement of

the compensation paid for the report(s), as well as a fee schedule for trial and deposition

testimony." *Id.* at 3.   Plaintiff argues that "defendant seeks an unnecessarily punitive sanction in

response to a mere oversight…Plaintiff's omission was not purposeful and defendant has suffered

no harm or prejudice as a result of the alleged non-disclosure." *Id.*   Plaintiff notes that the

omissions complained of by Defendant "do not concern the basis and reasons for [Dr. Russo's] opinions" and therefore, argues that the nondisclosure was harmless. *Id.* at 4.   Plaintiff contends that no surprise results from the failure to disclose, as no trial date has been scheduled and Defendant has not retained an expert witness. *Id.*   Further, in light of the Amendment, Plaintiff argues that Defendants are not forced to take Dr. Russo's deposition. *Id.* at 4-5.   As such, Plaintiff submits that the motion be denied.

Defendant's reply argues that Plaintiff has not shown that the nondisclosure was substantially justified or harmless.   Then, for the first time, Defendant argues that "Plaintiff's purported expert makes many vague, nonspecific statements without providing the basis or reasoning for his opinions, or the facts and data relied on in forming such statements." *Defendant's Brief in Reply* at 3; Docket Entry No. 58.   Defendant provides a sampling of statements and argues that each is conclusory and not supported by data or facts. *Id.* at 4. Defendant argues that it has been prejudiced because it "(a) incurred the expense of moving to strike Plaintiff's plainly deficient expert Report and (b) must take Russo's deposition because of such deficiency." *Id.* at 5.   Defendant lastly argues that the Amendment still fails to comply with Rule 26 and that it is untimely. *Id.* at 8.

## IV.    DISCUSSION

As an initial matter, while the Court notes that the instant motion isn't necessarily a discovery motion, the issue at hand is essentially a discovery dispute, as Defendant claims that Plaintiff failed to comply with Rule 26.   As such, the Court finds that the parties should have engaged in a good faith meet and confer, as required by L.Civ.R. 37.1.   There is no indication that Defendant attempted to obtain from Plaintiff the information omitted from the expert report before

filing the instant motion and indeed, Plaintiff states that Defendant made no such request. *Pltf. Br. Opp.* at 3.   However, the Court shall not deny Defendant's motion on this ground, as it finds that the motion is properly analyzed under Rule 37.

Although the Court admonishes that compliance with Rule 26 is mandatory, the Court finds that Plaintiff has cured the deficiencies in Dr. Russo's expert report by way of the Amendment and that such an omission was therefore harmless.   Defendant's moving papers specifically stated that "Plaintiff's Report fails to meet four of the six statutory prerequisites" specifically, subsections (iii) through (iv) of Rule 26(a)(2)(B).   *Deft. Br. Supp.* at 2.   By arguing in its reply papers that the report fails to comply with subsections (i) and (ii) as well, the Court finds that Defendant has improperly raised this argument in its reply papers, in violation of L.Civ.R. 7.1. *See Dana Transport v. Ableco Finance,* 2005 U.S. Dist. LEXIS 18086 (D.N.J. Aug. 17, 2005) ("The purpose of the reply brief is to respond to the opposition brief or explain a position that the respondent has refuted…[any] arguments raised for the first time in defendant's reply brief will be disregarded").   By altering its substantive argument, Defendant appears to have tacitly conceded that Plaintiff has satisfied the deficiencies originally raised.

In regard to the Amendment, Defendant raises only two minor objections.   First, Defendant complains that "Plaintiff fails to provide information regarding the cases in which he testified, such as for whom he testified (plaintiff or defendant), and the nature of the testimony." *Deft. Br. Reply at* 6.   The Court finds that Rule 26 demands no such detailed information, merely requiring "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition[.]" Fed.R.Civ.P. 26(a)(2)(B).   As such, this is not a sufficient ground upon which Plaintiff's Amendment can be stricken.   Second, Defendant submits that the

Amendment is untimely.   While the Amendment was indeed submitted subsequent to the deadline for the original report, the Court finds that such a delay is not prejudicial to Defendant, especially in light of the fact that the original report was timely, summary judgment is still pending and no trial date has been set.   As such, the Court declines to strike the Dr. Russo's report and shall not bar him from testifying at trial.

## V.      CONCLUSION

For the reasons set forth above, Defendant's motion to strike Dr. Russo's expert report is DENIED.   An appropriate Order follows.

Dated: February 27, 2014

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**